The document below is hereby signed.

Signed: February 06, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE
(1) DIRECTING CLOSING OF CASE AND THEN
REOPENING TO ADDRESS PENDING CONTEMPT MOTION;
(2) DENYING DEBTOR'S REQUEST FOR APPOINTMENT OF
ATTORNEY TO DEFEND AGAINST MOTION FOR RELIEF FROM
AUTOMATIC STAY FILED BY CHASE HOME FINANCE, LLC; AND
<u>(3) DISMISSING MOTION FOR RELIEF FROM AUTOMATIC STAY AS MOOT</u>

Chase Home Finance, LLC ("Chase") (designating itself as "s/b/m to Chase Manhattan Mortgage Corp.," presumably meaning successor by merger to Chase Manhattan Mortgage Corp.) has filed a Motion to Modify Stay to Permit Foreclosure of the Deed of Trust (Docket Entry No. 85) seeking relief from the automatic stay of 11 U.S.C. § 362(a) to foreclose on the debtor's home. The debtor has filed an opposition to the motion and requested the appointment of counsel to represent him with respect to the motion.  The request for appointment of counsel will be denied.

I

The debtor's defenses to Chase's motion are:

- that he does not owe as much as is claimed, and will pay whatever is determined to be owed to bring the debt current;

- that a church has committed to assist him in making mortgage payments to avoid foreclosure;

- that he has not been able to get information from Chase or its attorneys regarding the amount of the debt (including payments);

- that the debtor has filed a discrimination complaint against Chase with the D.C. Office of Human Rights;

- that the discrimination complaint preempts Chase's lift stay motion;

- that Chase has frustrated the debtor's attempt to utilize a certificate of eligibility for home loan guaranty benefits issued by the Department of Veterans Affairs; and

- that the co-debtor stay of 11 U.S.C. § 1301 ought not be lifted when the debtor proposes to pay the entire amount claimed.

Because the debtor's defenses fail to state any basis for denying Chase's motion, they do not warrant the appointment of counsel to assist the debtor in pursuing the defenses. The defenses of preemption and of § 1301 (a provision inapplicable in this

chapter 7 case) are frivolous.  The defense that the debtor may be obtaining assistance from a church might be pertinent in a chapter 13 case as pertinent to the debtor's ability to cure a default over time, but it is not pertinent in this chapter 7 case as there is no right to cure a default over time in chapter 7. The remaining defenses are nonbankruptcy law defenses that the debtor can still pursue outside of bankruptcy, and that may (or may not) entitle the debtor under nonbankruptcy to stop a foreclosure, but there is no bankruptcy reason to permit those defenses to be pursued in this court.  First, they will have no impact on the administration of the estate as the property has been exempted from the estate, and, in any event, the trustee does not intend to sell the property.  Second, a debtor in a chapter 7 bankruptcy case generally has no valid basis for raising nonbankruptcy law defenses to a secured creditor's enforcement rights in opposing the creditor's obtaining relief from the automatic stay to pursue foreclosure, and the debtor has not pointed to any exception to that general rule.

To elaborate on the last point, this case started as a chapter 13 case but was converted to a case under chapter 7 of the Bankruptcy Code.  In chapter 7, in contrast to chapter 13, a debtor has only limited rights to alter the nonbankruptcy law rights of a secured creditor.  In a chapter 7 case, the old adage that liens on assets not sold by the trustee in the bankruptcy

case pass through bankruptcy unaffected still applies (with a very few exceptions such as a debtor's right to redeem tangible **personal** property from a lien). The debtor has failed to identify any exception to that general rule, which flows from the proposition that nonbankruptcy law entitlements are not altered by the filing of a bankruptcy case except as specified by the Bankruptcy Code. There is no reason to keep the automatic stay in place based on the existence of nonbankruptcy law defenses to foreclosure that the debtor can pursue outside of bankruptcy unless the debtor can demonstrate that adjudicating those defenses would be pertinent to administering some entitlement under the bankruptcy laws. The debtor has not identified any such bankruptcy law entitlement. For example, this is not a chapter 13 case in which the debtor's bankruptcy law right to cure arrearages over time under a plan would make resolving a nonbankruptcy law defense as to the amount of arrears pertinent.

II

The debtor's receipt of a discharge has already terminated the automatic stay with respect to acts against the debtor or property of the debtor. See 11 U.S.C. § 362(c)(2)(C). The only part of the automatic stay that remains in place is the stay of certain acts against property of the estate, and the closing of the case would terminate that part of the stay. See 11 U.S.C. §§ 362(c)(1) and 554(c). The trustee has already indicated that

4

there is no property to administer for the benefit of creditors.[1] The only reason that the clerk has not closed the case is the happenstance that there is a pending contempt motion against the debtor's condo association.  That contempt motion ought not stand as an obstacle to closing of the case for all other purposes.  Under 11 U.S.C. § 350(a), "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Further, the trustee's filing of a report, as here (see n.1), that there is no property to administer for the benefit of creditors and certification that the estate has been fully administered, without any timely objection having been made to that certification, warrants treating the case as having been fully administered.  Fed. R. Bankr. P. 5009.  In addition, once a case has been fully administered, the court routinely discharges the trustee (by including a direction that the trustee is discharged in the order closing the case).  The case is thus ready to close for all purposes other than the pending contempt motion.  Under 11 U.S.C. § 350(b), a closed case may be reopened "to accord relief to the

---

[1] The trustee has filed a report of no distribution, certifying that there are no assets to administer for the benefit of the creditor body (as occurs when property has been exempted or when all non-exempt property has insufficient equity to warrant liquidating it for the benefit of creditors), and making a final report by certifying that he has received no funds or property of the estate, and paid no moneys on account of the estate.

5

debtor, or for other cause." The court is thus closing the case, which will terminate the automatic stay *in toto*, but simultaneously the court will reopen the case anew to address the pending contempt motion. By reason of the closing of the case, I will dismiss Chase's motion as moot.

### III

Moreover, even if I were not to close the case and thereby to effect a termination of the automatic stay, the debtor has no standing to oppose the lifting of the automatic stay with respect to acts against property of the estate. The debtor has received a discharge that is effective against all of the unsecured debt in the case. Accordingly, he will be unaffected by whether creditors will receive any distribution from the chapter 7 trustee's disposition of the property of the estate. Accordingly, he has no standing, in contrast to the chapter 7 trustee, to oppose the motion for relief from the automatic stay based on the trustee's right to sell the property of the estate for the benefit of the general creditor body. The debtor cannot argue that he has such standing based on the possibility that the property of the estate may revert to him: the automatic stay has already been terminated with respect to acts against the property of the debtor. There is thus no defense available to the debtor against lifting the automatic stay that would warrant appointing counsel to assist the debtor.

IV

In light of the foregoing, there is no reason to appoint counsel in this case. Moreover, this case is at a juncture that it should be closed based on the estate having been fully administered (but then reopened to dispose of the pending contempt motion). Appropriate orders follow.

[Signed and dated above.]

Copies to:

Office of U.S. Trustee

Debtor

Michael Cantrell, Esq.

Chapter 7 Trustee