The document below is hereby signed.

Signed: April 13, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
MICHAEL JOSEPH SINDRAM,         )    Case No. 08-00559
                               )    (Chapter 7)
          Debtor.              )    Not for Publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
RE MOTION FOR CLARIFICATION AND MODIFICATION
OF ORDER AND FOR RELATED RELIEF AS TO SANCTIONS AGAINST VERIZON

With many missteps, the debtor Sindram has sought to impose sanctions against Verizon-Washington, D.C. for violating the automatic stay of 11 U.S.C. § 362(a) by billing for prepetition claims (or claims that are treated by 11 U.S.C. § 348(d) as though they are prepetition claims by reason of having arisen prior to the conversion of this case to one under chapter 7 of the Bankruptcy Code on September 22, 2008). Sindram has filed a motion seeking to vacate the court's order denying his last attempt in this regard.

Specifically, Sindram has filed a Motion for Clarification and Modification of Order and for Related Relief as to Sanctions Against Verizon (Docket Entry ("DE") No. 113) seeking to have

this court set aside its order (DE No. 96) denying Sindram's Corrected Motion for Appropriate Relief and Sanctions Against Verizon-Washington, D.C. (DE No. 83), supplementing his Renewed Motion for Appropriate Relief and Sanctions Against Verizon (DE No. 60). The decision (DE No. 95) relating to that order stated:

> Stripped of irrelevant allegations, the Renewed Motion's only relevant allegation was that on November 2, 2008, after receiving notice of this bankruptcy case, Verizon delivered to the debtor a demand for payment in violation of 11 U.S.C. § 362(a). I dismissed the Renewed Motion because the debtor failed to identify the debt allegedly sought to be collected by Verizon and the date on which that debt was incurred. The Corrected Motion attaches a bill dated January 2, 2009, but that bill fails to show any debt incurred before the debtor commenced this case as a chapter 13 case or before he then converted the case to chapter 7. Accordingly, the debtor has still failed to identify a debt that would be treated as incurred before the commencement of the case. The automatic stay does not bar collection of a debt incurred after the commencement of the case.

Sindram now contends that the bill included past due charges, and that (based on what he apparently maintains was a consistent monthly billing amount) some of those charges were for services rendered prior to the date of the conversion of this case to chapter 7 (charges that would all be subject to the automatic stay either as prepetition claims at the outset of the case or, in the case of postpetition-preconversion claims, claims that are deemed to be prepetition claims by reason of 11 U.S.C. § 348(d)).

Although Sindram has not included bills showing precisely when Verizon rendered services covered by the bill, I will make

clear that he is free to pursue his remedies with respect to any claims arising from any pursuit by Verizon postpetition of claims for service rendered prior to September 22, 2008.

But Sindram's Corrected Motion, the first motion as to which he purports to have made proper service on Verizon-Washington, D.C., did not incorporate the allegations of the Renewed Motion that it was correcting, and, accordingly, did not give Verizon-Washington, D.C. notice of the relief being sought, and, moreover, did not include a proposed order that might have given such notice.  Moreover, for all the court knows, Verizon may now have investigated the matter and acknowledged to Sindram that the bills for service predating September 22, 2008 (the date of conversion of this case to chapter 7) are not owed, in satisfactory resolution of the matter.

It is thus

ORDERED that the Motion for Clarification and Modification of Order and for Related Relief as to Sanctions Against Verizon (DE No. 113) is granted in part and otherwise denied.  It is further

ORDERED that the Order Denying Corrected Motion for Appropriate Relief and Sanctions Against Verizon (DE No. 96) is vacated.  It is further

ORDERED that the debtor's Corrected Motion for Appropriate Relief and Sanctions Against Verizon (DE No. 83) is DISMISSED

without prejudice to filing a motion (1) that gives Verizon notice of the relief sought and the basis for seeking such relief, including identifying the specific pre-conversion claims of Verizon giving rise to the request for relief, (2) that includes notice of the opportunity to oppose the motion, and (3) that includes a separate proposed order.

[Signed and dated above.]

Copies to:

Office of U.S. Trustee; Debtor ; Chapter 7 Trustee

Tracy Richmond
Verizon Representative
P.O. Box 9000
Annapolis, MD 21401-9000

Myrtle Lloyd
Specialist, Verizon
2055 L Street, NW
5th Floor
Washington, DC 20036