The document below is hereby signed.

Signed: May 04, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER STRIKING DEBTOR'S
RENEWAL OF DEMAND FOR JURY TRIAL IN ALL ADVERSARY PROCEEDINGS

Based on *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), there is no right to a jury trial with respect to a proceeding under 11 U.S.C. § 362(k) (formerly 11 U.S.C. § 362(h) prior to the statute's amendment in 2005). *See Gecker v. Gierczyk (In re Glenn)*, 359 B.R. 200, 202-05 (Bankr. N.D. Ill. 2006). As noted by the district court in denying leave to pursue an interlocutory proceeding in *In re Glenn:*

> The Supreme Court has held, in *Nordberg*, that Congress may create new statutory causes of action and deny jury trials in cases where "public rights" are litigated. [Citation omitted.] A claim of violation of the automatic stay easily fits a "public rights" definition. Although only two cases are cited which have considered the question, both hold that there is no right to a jury trial on such claims. *In re Gordon*, 209 B.R. 414, 416-17 (Bankr. N.D. Miss. 1997); *Periera v. Chapman*, 92 B.R. 903, 908 (C.D. Cal. 1988). There is no basis for a substantial disagreement with the Bankruptcy Court's ruling on this issue.

*Gecker v. Gierczyk (In re Glenn)*, 2006 WL 2252529, at *3 (N.D. Ill. Aug. 3, 2006).

The remedy in the bankruptcy court for any violation of the discharge injunction (to the extent that the debtor is raising violations of the discharge injunction in his pending motions) is a civil contempt proceeding. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507-10 (9th Cir. 2002); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001). The debtor does not appear to be pursuing criminal contempt, and in any event a criminal contempt proceeding in the bankruptcy court would not be appropriate. *See In re Akl*, 2008 WL 5102277 (Bankr. D.D.C. Sept. 4, 2008). A civil contempt proceeding, being equitable in nature, is to be tried by the judge, not a jury. *Shillitani v. United States*, 384 U.S. 364 (1966) (absent an express statute, there is no right to a jury trial in civil contempt proceedings). It is

ORDERED that the debtor's Renewal of Jury Trial in All Adversary Proceedings (Docket Entry No. 148) is STRICKEN without prejudice to renewal in the event the debtor pursues a proceeding seeking damages other than for violation of the automatic stay or for violation of the discharge injunction.

                                                  [Signed and dated above.]

Copies to:

Debtor; Chapter 7 Trustee; Office of United States Trustee;

Jack E. Strausman, Esq.
Pepco Holdings, Inc.
701 Ninth Street, NW
Washington, D.C. 20068

George R. Pitts, Esq.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403

Craig Parker, Esq.
110 N. Washington Street, Ste. 500
Rockville, MD 20850