The document below is hereby signed.

Signed: August 05, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION TO
APPOINT COUNSEL TO ADDRESS ALLEGED VIOLATION OF
<u>AUTOMATIC STAY BY SUPERIOR COURT OF THE DISTRICT OF COLUMBIA</u>

The debtor Sindram has filed a Motion for Appointment of Counsel in Core Adversary Proceeding against Superior Court [of the] District Of Columbia for Having Violated Bankruptcy Code (Dkt. No. 203), and as requested by this court, has supplemented the Motion, in a Supplemental Motion (Dkt. No. 210), that more fully describes the conduct of the Superior Court that is at issue.  Sindram seeks to have counsel appointed to assist him in pursuing an adversary proceeding against the Superior Court with respect to its continued enforcement of an order entered on April 28, 1992.  His motion also seeks alternative relief.

I

The Superior Court order of April 28, 1992, long preceding

Sindram's bankruptcy case, directed Sindram to pay to the Clerk of the Superior Court $3,000.00 as a fine under Rule 11 of the Superior Court's Rules (the analog of Fed. R. Civ. P. 11). The order further enjoined Sindram from filing any new cases against anybody in the Superior Court in a *pro se* capacity until he paid the fine. Finally, the order prohibited Sindram, even if he paid the $3,000.00 fine, from proceeding *in forma pauperis* in any of his future or present cases "unless he has already been granted leave to proceed *in forma pauperis* in that case," and directed that unless the court granted Sindram leave to proceed *in forma pauperis* with respect to the filing of a paper, the Clerk of the Superior Court was not to accept the paper for filing if Sindram had not paid the required filing fees relating to the paper.

II

Sindram contends that the obligation to pay the $3,000.00 fine has been discharged by his discharge in this bankruptcy case. He first raised that contention in a motion filed in the Superior Court, and in the course of the proceedings on that motion, placed reliance on *In re Corbly*, 149 B.R. 125 (Bankr. D.S.D. 1992), which erroneously held that § 523(a)(7)(B) applies to all penalties and fines, not just to tax penalties, in support of his contention. The Superior Court rejected that contention on June 1, 2009, in a careful and well-reasoned decision. Sindram wants to have a second bite at the apple by litigating

the issue in this court, and seeks the appointment of counsel to assist him in that endeavor.

The appointment of counsel is within the discretion of the court. Counsel will not be appointed when it appears that the proposed litigation is plainly meritless. Even if the Superior Court's decision were not a bar against relitigation of the issue in this court, I agree fully with the decision of the Superior Court. Accordingly, I will not appoint counsel to represent Sindram with respect to the proposed litigation to challenge the conduct of the Superior Court.

### III

Sindram complains that he has not been allowed by the Clerk of the Superior Court to pursue an appeal of the June 1, 2009, decision of the Superior Court *in forma pauperis*. Nothing in the Bankruptcy Code barred the Superior Court from directing its clerk's office to refuse to let Sindram file papers without paying required fees (unless a judge of the Superior Court granted Sindram leave beforehand to proceed *in forma pauperis*). It is doubtful that Sindram is being deprived of a "license, permit, charter, franchise, or other similar grant" within the meaning of 11 U.S.C. § 525(a), as that list is limited to obtaining the right to engage in some endeavor, *see Ayes v. U.S. Dept. of Veterans Affairs*, 473 F.3d 104, (4th Cir. 2006), *cert. denied*, 128 S. Ct. 486, 169 L. Ed. 2d 338 (2007); *In Re Goldrich*,

771 F.2d 28 (2d Cir. 1985) (credit guarantee under a statute providing for issuance of such guarantees was not a "license, permit, charter, franchise, or other similar grant"), and even if pursuing litigation is such an endeavor, the Superior Court is not barring Sindram from pursuing matters in that court as he has the same permission to file an appeal in any case there as anyone else upon paying the related fees.  In any event, § 525(a) does not apply because the Superior Court has not barred its clerk's office from allowing Sindram to file papers *in forma pauperis* (without a judge having authorized such *in forma pauperis* filing) on the ground, as required for § 525(a) to apply, that he "has been a debtor under [the Bankruptcy Code] . . ., has been insolvent before the commencement of the [bankruptcy case], or during the [bankruptcy] case . . ., or has not paid a debt that is dischargeable in the case . . . ."  The Superior Court's refusal to let Sindram pursue his appeal *in forma pauperis* is not a basis for relief under the Bankruptcy Code.

IV

Finally, Sindram notes that he wants to contest in the Superior Court the allegedly inflated and bogus assessments asserted against him by the Jamison Condominium Association in a letter of June 8, 2009, and that his indigency and the Superior Court's bar against his proceeding *in forma pauperis* is preventing him from attacking those assessments in the Superior

Court. He requests that this Court hold in abeyance Jamison Condominium Association's efforts to enforce the assessments pending resolution of a proceeding he has brought against the Association regarding alleged violations of the automatic stay based on certain other alleged conduct. Even if the Association were found to have violated the automatic stay, the Bankruptcy Code does not provide a remedy of this court's enjoining the Association from engaging in ongoing collection activity that is not alleged to violate the automatic stay or the discharge injunction.

Of course, success by Sindram in showing that there was a violation of the automatic stay might give rise to a monetary award against the Association, and a defense of setoff against its claim, but that is not a matter that can be addressed as within the subject matter jurisdiction of this court. This is because the court's subject matter jurisdiction is limited to matters arising under the Bankruptcy Code, arising in a bankruptcy case, or related to a bankruptcy case. 28 U.S.C. § 1334(b). None of those categories of jurisdiction exist here with respect to assertion of the defense of setoff as a basis for injunctive relief:

- The Bankruptcy Code creates no right to bar collection not prohibited by the automatic stay or discharge injunction, and any injunction based on the right of

setoff does not arise under the Bankruptcy Code. Although Sindram would have a right to assert any recovery against the Association as a defense by way of setoff against the amounts the Association is owed, this is not the court in which Sindram should assert any setoff defense.[1]

- The claim for injunctive relief arises with respect to conduct unrelated to the case, and cannot be treated as "arising in" the bankruptcy case. "Arising in" matters are limited to those claims that could not have any existence outside of bankruptcy. Although the request for injunctive relief depends on establishing a violation of the automatic stay, Sindram is free outside of the bankruptcy case to rely on any claim he recovers for violation of the automatic stay as a setoff defense against the Association's claims.

- The Association's pursuit of its allegedly inflated and bogus claims would have no impact on the administration of the estate (as the bankruptcy trustee has fully administered the bankruptcy estate), and the

---

[1] If a court were to reach the merits of the request for injunctive relief based on an assertion of the defense of setoff, the court would likely treat the defense of setoff as premature at this juncture because Sindram has not yet obtained a judgment against the Association for its alleged misconduct of violating the automatic stay, and thus would deny the request for injunctive relief.

  Association's collection activity thus is not related to the case.

In any event, Sindram has not requested injunctive relief by way of a proceeding against the Association (his motion was against the Superior Court) and has not sought injunctive relief by way of an adversary proceeding complaint as required by Rule 7001 of the Federal Rules of Bankruptcy Procedure.

V

In accordance with the foregoing, it is

ORDERED that the Motion and the Supplemental Motion (Dkt. Nos. 203 and 210) are DENIED.

                 [Signed and dated above.]

Copies to:
Debtor; Chapter 7 trustee; Office of the United States Trustee;

Hon. Stephanie Duncan-Peters
Superior Court for the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20001

George R. Pitts
Katherine Thomas
Dickstein Shapiro, LLP
1825 Eye Street, NW
Washington, D.C. 20006

Craig A. Parker, Esq.
110 N. Washington St.
Ste. 500
Rockville, MD 20850

O:\TEEL\Judge Teel Docs\Sindram (Michael Joseph) - Mem Decsn and Order re Mtn to Appoint Counsel re Superior Court_v2.wpd

7