The document below is hereby signed.

Signed: January 18, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE "VERIFIED ADVERSARY PROCEEDING AND CONTEMPT MOTION; MOTION FOR APPOINTMENT OF EFFECTIVE COUNSEL"

The debtor Sindram has filed a document titled "Verified Adversary Proceeding and Contempt Motion; Motion for Appointment of Effective Counsel" docketed as Dkt. No. 268 in this case, and not docketed as an adversary proceeding.  The document appears to seek contempt sanctions against Jamison Condominium Association, but contempt is a matter that should be pursued by motion in the main case without the necessity of filing an adversary proceeding.  Accordingly, although the caption treats the matter as though it were an adversary proceeding, I will not treat it as an adversary proceeding, and it will be dealt with as a motion in this, the main case.

Paragraph 3 of the motion complains that:

> During Bankruptcy petition period of this case
> defendant continued to bill Disabled Veteran/Plaintiff
> to violate Automatic Stay and cause Disabled
> Veteran/Plaintiff undue burden, expense, and hardship
> notwithstanding intentional infliction of emotional
> distress. Defendant's wanton and willful rancorous
> malicious misconduct and total disregard of Disabled
> Veteran/Plaintiff's constitutionally-guaranteed rights
> and interests to exacerbate his disability and increase
> his pain.

These conclusory allegations do not suffice to establish a violation of the automatic stay, and, moreover, the Jamison Condominium Association's alleged violations of the automatic stay were the subject of Adversary Proceeding No.09-10037 in which Sindram failed to prevail.

Paragraph 4 of the motion complains that "bogus" foreclosure papers were served on Sindram's co-debtor, Antonio Almenara, to intimidate him as a witness in a proceeding in this court, but the motion fails to specify what was "bogus" about the foreclosure papers or what testimony was suppressed by way of the alleged intimidation.

Paragraph 5 of the motion makes conclusory allegations similar to those made in paragraph 3, and then alleges:

> Defendant continues to violate Bankruptcy Code and
> include pre-petition and petition amounts in
> defendant's foreclosure and lien it unconstitutionally
> placed on Disabled Veteran/Plaintiff's home to extort
> funds not due and owed defendant.

But a lien claim in existence on the petition date is an *in rem* claim that is unaffected by a chapter 7 discharge of unsecured debts, and the motion does not suggest that the Association has

2

attempted to enforce any other kind of claim. Any dispute as to what amount is owed pursuant to a lien claim presents an issue of nonbankruptcy law, and does not demonstrate a violation of the discharge injunction.

Paragraphs 6 and 7 of the motion go to what Sindram complains was ineffective representation by counsel in Adversary Proceeding No. 09-10037, but Sindram has not demonstrated good grounds pursuant to which the court should appoint counsel with respect to any of the matters addressed by his motion. It is thus

ORDERED that the motion, titled "Verified Adversary Proceeding and Contempt Motion; Motion for Appointment of Effective Counsel" and docketed as Dkt. No. 268 in this case is DENIED.

[Signed and dated above.]

Copies to: Debtor; Craig A. Parker, Esq.