The document below is hereby signed.

Signed: January 28, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE "VERIFIED
ADVERSARY PROCEEDING AND CONTEMPT MOTION; MOTION FOR FED. R.
CIV. P. 65 INJUNCTIVE RELIEF; MOTION FOR APPOINTMENT OF COUNSEL"

The debtor Sindram obtained a discharge on January 23, 2009, and on February 6, 2009, the court closed the case, such that the automatic stay no longer barred enforcement by Chase Home Finance LLC of its lien against the debtor's real property. The court reopened the case, but for the limited purpose of addressing a contempt motion Sindram had filed against his condo association.

Sindram has filed a document titled "Verified Adversary Proceeding and Contempt Motion; Motion for Fed. R. Civ. P. 65 Injunctive Relief; Motion for Appointment of Counsel" docketed as Dkt. No. 269 in this case, and not docketed as an adversary proceeding. The document seeks an injunction against a foreclosure sale by Chase Home Finance LLC pending adjudication

of his request to hold Chase in contempt for having violated the automatic stay. He appears to want to defend against a foreclosure sale by setting off any contempt damages awarded against Chase against the debt owed Chase.

I

Sindram has not filed a motion to enlarge the reopening of the case to permit the pursuit of relief requested in the document he filed against Chase. The decision whether to reopen a case rests in the sound discretion of the bankruptcy court.

II

There is no reason to permit Sindram to obtain an enlargement of the reopening of the case to permit pursuit of injunctive relief. After Sindram obtained a discharge, this bankruptcy case was largely at an end. Sindram's discharge relieved him of dischargeable unsecured debts, but not from enforcement of liens, and upon the closing of the case, there was no impediment under the Bankruptcy Code to Chase's proceeding to enforce its lien.

Whether Sindram is entitled to an injunction against foreclosure based on the alleged existence of a debt Chase owes him presents a question of nonbankruptcy law. Sindram can sue in the Superior Court for the District of Columbia for injunctive relief on that basis. This court is not perpetually required or authorized to address Sindram's affairs based on his having been

a debtor in this court.

That the debt allegedly owed him by Chase is based on an allegation that there was a violation of the automatic stay for which this court should award contempt damages does not alter that analysis. The Superior Court (or some other court of competent jurisdiction), not this court, is the appropriate court to address Sindram's request for injunctive relief based on any alleged debt Chase owes him. It does not matter that the debt is one for contempt committed in some court other than the Superior Court.

This court lacks subject matter jurisdiction over Sindram's request for injunctive relief. Sindram cannot show, as required by 11 U.S.C. § 1334(b) in order for jurisdiction to exist, that his request for injunctive relief arises under the Bankruptcy Code, arises in the case, or is related to the case.

Sindram's request for injunctive relief arises under nonbankruptcy law, not the Bankruptcy Code (even though the nonbankruptcy law grounds for injunctive relief, the alleged existence of a right of setoff, is premised on the existence of a right to an award of contempt sanctions by this court). Accordingly, this is not a proceeding that arises under the Bankruptcy Code (title 11, United States Code).

Nor does the matter arise "in the case" as it does not address one of "those 'administrative' matters that arise only in

bankruptcy cases . . . [and] that . . . would have no existence outside of the bankruptcy . . . ." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). "Arising in" matters are limited to those claims that could not have any existence outside of bankruptcy. Although the request for injunctive relief depends on establishing a violation of the automatic stay, Sindram's injunctive claim could arise from a right of setoff based on a sanctions award in *any* court. He is free outside of the bankruptcy case to rely on any claim he recovers for violation of the automatic stay as a setoff defense against Chase's claims.

Finally, granting Sindram injunctive relief would have no impact on the administration of the estate, so there is no "related to" jurisdiction. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

That the property is property of the debtor over which this court had jurisdiction under 28 U.S.C. § 1334(e) does not furnish subject matter jurisdiction. First, the closing of the case, and the reopening of the case only for purposes of hearing the contempt motion against the condo association, resulted in the case no longer being pending with respect to the debtor's real property. The closing of the case abandoned the property to the debtor and resulted in the estate having been fully administered insofar as that property was concerned. 11 U.S.C. § 554(b).

Second, and more critically, § 1334(e) does not purport to address jurisdiction over proceedings. Section 1334(e) essentially is the equivalent of saying that during the pendency of the bankruptcy case, no other court shall have jurisdiction to entertain a receivership proceeding over the debtor's property. It does not confer jurisdiction over proceedings, such as a complaint to enjoin a foreclosure proceeding, relating to such property. Instead, addressing the issue of jurisdiction over such proceedings is the function of § 1334(b) which specifically addresses jurisdiction over proceedings. A debtor's having been a debtor in the bankruptcy court does not serve in perpetuity to confer upon the bankruptcy court subject matter jurisdiction to protect the debtor from efforts by creditors to foreclose on his property.

    For all of these reasons, I conclude that this court lacks subject matter jurisdiction over Sindram's request for injunctive relief.

III

    Sindram alleges that Chase violated the automatic stay by continuing to bill him postpetition, and treats this as a contempt. Sindram makes no allegation of the dates of the billings, the character of the debt being billed, and whether Chase had been made aware of the case when it sent the billings. Sindram's conclusory assertion of contempt does not suffice. See

5

*Ashcroft v. Iqbal*, 556 U.S. ___ (2009). There is no reason to enlarge the reopening of the case to permit Sindram to pursue his request for contempt sanctions for violation of the automatic stay unless and until he files a motion to reopen the case for the purpose of pursuing an accompanying new motion for contempt that pleads a contempt in non-conclusory terms. In any event, Sindram does not appear to have made proper service of his motion on Chase.

IV

For the foregoing reasons, it is

ORDERED that the Verified Adversary Proceeding and Contempt Motion; Motion for Fed. R. Civ. P. 65 Injunctive Relief; Motion for Appointment of Counsel (Dkt. No. 269) is dismissed without prejudice to filing of a motion to reopen the case, properly served on Chase, for the purpose of pursuing a contempt motion that states a violation of the automatic stay in non-conclusory terms.

[Signed and dated above.]

Copies to:

Debtor; Chapter 7 trustee; Office of the United States Trustee;

James J. Loftus, Esq.
210 East Redwood Street, Suit 400
Baltimore, MD 21202-3399