The document below is hereby signed.

Signed: February 24, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION TO REOPEN
CASE TO PURSUE MOTION FOR CONTEMPT AGAINST CHASE HOME FINANCE LLC

The debtor Sindram seeks to reopen this case to pursue a motion for contempt against Chase Home Finance, LLC. Sindram alleges that after November 10, 2008 (when he received a letter from Chase, a letter that is not appended to the motion), he reminded Chase that the bankruptcy case was pending, but "Chase continued to make demand for payment of Debtor while Automatic Stay remained in full legal force and effect to violate Bankruptcy Code."

But Sindram has not identified the date of any such demand, the individual who made the demand, or the means of communication of the demand. He has failed to append to the motion any writing that communicated such a demand. Without such details being furnished, I determine in the exercise of my discretion that the

motion to reopen the case for purposes of pursuing a contempt motion against Chase ought not be granted.

If Sindram pursues his motion anew, he should append to his motion to reopen the motion for contempt he intends to pursue, with that motion for contempt providing the missing details I have noted above regarding any demand for payment he alleges was made. Finally, any motion to reopen the case for the purpose of pursuing a contempt motion against Chase should be served on Chase in a manner authorized by Fed. R. Bankr. P. 7004, with notice under LBR 9013-1(b)(3).

Sindram's motion seeks two additional orders. First, Sindram asks that the court appoint counsel to represent him. He has not shown at this juncture that he has a sufficiently meritorious claim of contempt such as to warrant appointing counsel to represent him. Second, Sindram asks that this court remand to the Superior Court for the District of Columbia the request for injunctive relief against Chase that I previously dismissed for lack of subject matter jurisdiction. But that request was filed in this court, and was not a matter removed from the Superior Court. Thus, there is no matter to remand to the Superior Court.

In light of the foregoing, it is

ORDERED that the debtor's motion to reopen (Dkt. No. 278 filed on February 2, 2010) is DENIED without prejudice.

[Signed and dated above.]

Copies to:

Debtor; Chapter 7 trustee; Office of the United States Trustee;

James J. Loftus, Esq.
210 East Redwood Street, Suit 400
Baltimore, MD 21202-3399