# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **IN RE MICHAEL JOSEPH SINDRAM**, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | Civil Action No. 14-cv-1637 (TSC) |
| | ) | |
| | ) | Bankruptcy No. 8-bk-559 |
| | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

In the present case, Appellant Michael Joseph Sindram appeals two orders, entered by the United States Bankruptcy Court for the District of Columbia, that restrict his ability to file documents in his core bankruptcy proceeding unless he first seeks leave of court. (*See* ECF No. 1 at 2); *In re Michael Joseph Sindram*, Bankr. Case No. 8-559 (Bankr. D.D.C.) at ECF Nos. 321, 326.  He also moves for appointment of counsel, apparently because he was dissatisfied with the work performed by appointed counsel in his core bankruptcy proceeding.  (ECF No. 3).  For the reasons set forth below, Mr. Sindram's appeal is dismissed.

## A.  APPELLANT'S LITIGATION HISTORY

A recent opinion from this court noted that "Mr. Sindram is no stranger to the judicial system."  *Sindram v. Super. Ct. of the Dist. of Columbia*, 465 B.R. 347, 347 (D.D.C.  2011).  Mr. Sindram has been described as a "serial litigant," *Sindram v. Circuit*

*City*, Civ. A. No. 92-2138, 1992 WL 391359, at * 2 (D.D.C. Dec. 14, 1992), with "a persistent record of filing frivolous suits." *Sindram*, 465 B.R. at 347. As a result of his litigation related conduct, numerous courts have sanctioned him and/or restricted his ability to file matters. *See, e.g., Sindram v. Circuit City*, 1992 WL 391359, at * 3; *Sindram v. Sup. Ct.*, 465 B.R. at 347- 48. These courts include the United States Supreme Court, the United States Court of Appeals for the District of Columbia Circuit, as well as this court. *See, e.g., Sindram v. Circuit City*, 1992 WL 391359, at * 3; *Sindram v. Sup. Ct.*, 465 B.R. at 347- 48.

In the United States District Court for the District of Columbia, Mr. Sindram was the subject of two bar orders. First, in 1992, Judge Sporkin prohibited Mr. Sindram from "filing future actions" *in forma pauperis*, without leave of court.[1] Later, in 2004, Judge Kennedy issued a bar order prohibiting Mr. Sindram from "bringing any further suits in this Court without . . . first obtaining leave to file from the Court."[2] As a result of the bar order, in 2010, Judge Lamberth dismissed seven of Mr. Sindram's cases, including six bankruptcy appeals, because he failed to obtain leave to file those actions. *In re Michael Joseph Sindram*, Civ. A. Nos. 09-2356 (RJL), 10-31 (RJL), 10-134 (RJL), 10-402 (RJL),

---

[1] *Sindram v. Circuit City*, Civ. A. No. 92-2138, 1992 WL 391359, at *3 (D.D.C. Dec. 14, 1992) ("It is further ordered that Plaintiff, Michael Sindram be enjoined from filing further actions in the United States District Court for the District of Columbia *in Forma Pauperis* without leave of this Court.").

[2] *Sindram v. Saunders*, Civ. A. No. 03-2110 (HHK), 2004 WL 5459796, at *2 (D.D.C. Aug. 11, 2004) (Plaintiff is "enjoined from bringing any further suits in this Court without (1) first obtaining leave to file from the Court; (2) certifying that any such complaint raises new matters never before decided on the merits by any federal court; (3) including a concise description of the allegations contained in his complaint; and (4) truthfully so certifying any complaint on penalty of contempt of this Court.").

10-814 (RJL), 10-1084 (RJL), 10-1246 (RJL), 2010 U.S. Dist. LEXIS 143393 (D.D.C.

Aug. 9, 2010).

The following year, in 2011, the Bankruptcy Court issued an order in one of Mr.

Sindram's adversary proceedings that barred him from "filing any paper in th[e]

bankruptcy court (other than an application seeking leave to file a paper)" unless Mr.

Sindram first sought and obtained the Bankruptcy Court's approval.  *Sindram v. Jamison*

*Condo. Ass'n*, Adversary Proceeding No. 9-10037 (Bankr. D.D.C. Sept. 21, 2011) at ECF

No. 31.[3]  Mr. Sindram responded by appealing the bar order and requesting appointment of

counsel.  *See In re Michael Joseph Sindram*, Civ. A. No. 11-1918 (RCL), 2011 WL

7657648 (D.D.C. Dec. 20, 2011).

On appeal at the District Court level, Judge Lamberth dismissed the matter and denied

Mr. Sindram's request for appointment of counsel.  *Id.*  Judge Lamberth also noted that Mr.

Sindram "remain[ed] enjoined from filing any papers" in both the Bankruptcy Court and the District

Court, unless he first sought leave.  *Id.* at *3.  True to his designation as a "serial litigant," Mr.

Sindram challenged Judge Lamberth's decision by filing an appeal in the United States Court of

Appeals for the District of Columbia Circuit.  *In re Michael Sindram*, No. 12-8006, 2012 U.S. App.

LEXIS 14556 (D.C. Cir. July 16, 2012).

The Circuit dismissed his appeal, finding that Mr. Sindram had "not shown a tenable basis

for the petition."  *See id.*, at *1.  Refusing to take no for an answer, Mr. Sindram filed a motion

---

[3]  Adversary proceedings "resolve claims within the overall bankruptcy case; a proceeding to object to the discharge of a debt or to determine its dischargeability is a typical adversary proceeding.  An adversary proceeding is thus part of the bankruptcy but it is not the [core] bankruptcy case itself . . . ."  *United States v. Peel*, 595 F.3d 763, 768–69 (7th Cir. 2010) (citations omitted).

seeking reconsideration and "re-appointment" of counsel. *In re Michael Joseph Sindram*, No. 12-8006 (D.C. Cir. Aug. 3, 2012) at ECF No. 1388085. The Circuit denied his motion, noting that appellants in civil cases "are not entitled to appointment of counsel when they have not demonstrated any likelihood of success on the merits." *Id*. at ECF. No. 1400445. The Circuit also enjoined Mr. Sindram from making any further filings in the matter. *Id*.[4]

## B. ANALYSIS

Given his litigation history, Mr. Sindram's attempt to prosecute the present appeal is problematic for many reasons. First, it appears from both the Bankruptcy and District Court records that Mr. Sindram failed to pay the appropriate filing fees to prosecute this appeal. *See* 28 U.S.C. §§ 1930(b), (c), (f); *Judicial Conference*: *Bankruptcy Court Miscellaneous Fee Schedule* (Nov. 21, 2012); *In re Michael Joseph Sindram*, Bankr. Case No. 8-559 (Bankr. D.D.C.) at ECF Nos. 321–328.[5] Given his litigation history, there is no doubt that Mr. Sindram was aware of his obligation to pay the filing fee in order to prosecute this appeal from the Bankruptcy Court. *See, e.g.*, *In re Michael Joseph Sindram*, Civ. A. Nos. 09-2356 (RJL), 10-31 (RJL), 10-134 (RJL), 10-402 (RJL), 10-814 (RJL), 10-1084 (RJL), 10-1246 (RJL), 2010 U.S. Dist. LEXIS 143393 (D.D.C. Aug. 9, 2010).

---

[4] In ruling on Mr. Sindram's appeal from the Bankruptcy Court bar order, our Circuit noted that the Fourth Circuit had upheld a similar bar order entered by a District Court Judge in Virginia. *In re Michael Sindram*, 2012 U.S. App. LEXIS 14556, at *1–2 (D.C. Cir. July 16, 2012).

[5] There is no record of Mr. Sindram filing a request to proceed *in forma pauperis*.

Also problematic is the absence of any record that Mr. Sindram sought leave to bring
this action or made the requisite certifications in support of the current appeal. *See
Sindram v. Saunders*, Civ. A. No. 03-2110 (HHK), 2004 WL 5459796, at *2 (D.D.C. Aug.
11, 2004) (requiring leave of court to bring any suits in this Court and requiring
certification that any "complaint raises new matters never before decided on the merits by
any federal court"). <u>Thus, it appears that Mr. Sindram brought this appeal in violation of
at least TWO prior Court orders</u>. *See id.*; *In re Michael Joseph Sindram*, Civ. A. No. 11-
1918 (RCL), 2011 WL 7657648, at *3 (D.D.C. Dec. 20, 2011).

Finally, the court notes that the Bankruptcy Court bar order that Mr. Sindram
challenges in this court is worded the same as the Bankruptcy Court bar order he
unsuccessfully challenged in his appeal to the D.C. Circuit. *Compare In re Michael
Joseph Sindram*, Bankr. No. 8-559 (Bankr. D.D.C. Sept. 21, 2011) at ECF No. 321 *with
Sindram v. Jamison Condo. Ass'n*, Adversary Proceeding No. 9-10037 (Bankr. D.D.C.
Sept. 21, 2011) at ECF No. 31 (both requiring Mr. Sindram to seek leave of court before
"filing any paper in th[e] bankruptcy court (other than an application seeking leave to file
a paper)").[6] The Circuit has already refused to overturn the Bankruptcy Court's bar order,
the District Court's affirmance of that order, and the District Court's denial of a motion to

---

[6] The undersigned notes that the Bankruptcy Court entered the two bar orders on the <u>same day</u> in
two related Sindram bankruptcy matters. One of the matters was an adversary proceeding by Mr.
Sindram against Jamison Condominium Association. The bar order in that case was the
order Mr. Sindram appealed to the D.C. Circuit.

That same bar order was entered by the Bankruptcy Court in Mr. Sindram's core
bankruptcy proceeding. The bar order in the core proceeding is the order at issue in the
present appeal.

appoint counsel in the matter.  Thus, there is no question that Mr. Sindram is not entitled

to relief in the present action on issues he has unsuccessfully litigated in the past.  *See*

*Havens v. Mabus*, 759 F.3d 91, 97-98 (D.C. Cir. 2014) ("Under the doctrine of res judicata, or claim

preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the

same claims or cause of action, (2) between the same parties or their privies, and (3) there has been

a final, valid judgment on the merits, (4) by a court of competent jurisdiction.") (citation and

internal quotations omitted).

The only difference in the prior bar order appeal and the present case is that Mr.

Sindram includes in the current appeal a recent order of the Bankruptcy Court.  Because of

Mr. Sindram's blatant and continued violation of the Bankruptcy Court's bar order, on

July 28, 2014, the Bankruptcy Court entered an order directed at the Clerk of the Court.

This "clarifying" order provides the Clerk with <u>detailed</u> instructions on handling papers

that Mr. Sindram attempts to file.  *In re Michael Joseph Sindram*, Bankr. Case No. 8-559

(Bankr. D.D.C. July 28, 2014) at ECF No. 326.  Specifically, the "clarifying" order

relieves the Clerk from the responsibility of returning to Mr. Sindram any documents he

attempts to file without first seeking leave of court.  Thus, the "clarifying" order merely

expounded on the initial more general bar order, which provided that "[t]he clerk shall not

accept for filing any such paper presented by Sindram for filing unless the court has

granted leave to file the paper."  *Id*. at ECF No. 321.

Given Mr. Sindram's documented history of litigation abuse and violation of

court orders, the Bankruptcy Court did not abuse its discretion by entering a

"clarifying" order that simply provided guidance to both the Court Clerk and Mr.

Sindram on how to effectuate the prior bar order in the face of repeated violations.

*See In re Casse*, 198 F.3d 327, 341 (2d Cir. 1999) ("Reviewing courts will affirm a

bankruptcy court's order barring subsequent filings by a particular debtor if they can discern

'neither legal nor factual error, nor abuse of discretion, in the bankruptcy court's ruling.'")

(citation omitted);   *In re Yelverton*, 526 B.R. 429, 432 (D.D.C. 2014) ("The constitutional

right of access to the courts 'is neither absolute nor unconditional.'  In response to a litigant

who seeks to flood the courts with meritless claims and filings, the Court 'has an obligation

to protect and preserve the sound and orderly administration of justice.'") (quoting *In re*

*Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)); *Urban v. United Nations*, 768 F.2d 1497, 1500

(D.C. Cir. 1985)).

Accordingly, by separate order, Mr. Sindram's appeal will be dismissed with

prejudice.


Date:  May 7, 2015


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge